**UNITED STATES of America, Plaintiff,**

v.

**Samuel D. FRANCE, Defendant.**

**No. 1:08–cr–067.**

United States District Court, W.D. Michigan, Southern Division.

Sept. 3, 2008.

Matthew G. Borgula, U.S. Attorney, Grand Rapids, MI, for Plaintiff.

### OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO PRESENTENCE REPORT

PAUL L. MALONEY, Chief Judge.

Defendant Samuel France pleaded guilty to distribution of fifty grams or more of a controlled substance, a violation of 21 U.S.C. § 841(a)(1). Defendant has a 1991 felony conviction for delivering a controlled substance. In 1992, Defendant pleaded guilty to assault with the intent to commit criminal sexual conduct involving penetration, a violation of MCL § 750.520g(1). Defendant objects to being sentenced as a career offender under the Sentencing Guidelines. Defendant argues his assault conviction does not constitute a crime of violence under USSG § 4B1.1. Defendant cites, as authority, *United States v. Bartee*, 529 F.3d 357 (6th Cir. 2008) and *United States v. Arnold*, 58 F.3d 1117 (6th Cir.1995).

### I. SENTENCING GUIDELINES

In order to be sentenced as a career offender, the sentencing guidelines provide (1) the defendant must be at least 18 years old when the instant offense was committed, (2) the instant offense is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). Under the sentencing guidelines, the phrase "crime of violence" means any offense under state or federal law punishable by imprisonment for more than one year and (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is a burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves

conduct that presents a serious potential risk of physical injury to another. USSG § 4B1.2(a). The commentary under section 4B1.2 provides useful insight. A crime of violence includes offenses for attempting to commit a crime of violence. USSG § 4B1.2 cmt. n. 1 (2007). Furthermore,

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as 'crimes of violence' if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted involved the use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

*Id.*[1] Thus, there are three ways by which a prior conviction will be considered a crime of violence under the Guidelines: (1) the prior conviction is for a crime specifically enumerated in the application notes, (2) the prior conviction is for a crime that, although not specifically enumerated, has as an element of the offense, the use, attempted use or threatened use of physical force, or (3) the prior conviction is for a crime that, although neither specifically enumerated nor involving physical force as

an element of the offense, involves conduct posing a serious potential risk of physical injury to another (the residual clause). *United States v. Arnold,* 58 F.3d 1117, 1121 (6th Cir.1995) (quoting *United States v. John,* 936 F.2d 764, 767 (3d Cir.1991)).

The United States Supreme Court has directed sentencing courts to use a "categorical approach" when determining a defendant's eligibility for career offender status. *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under this categorical approach, a sentencing court looks only to the statutory definitions of the prior offenses and not the particular facts underlying those convictions to determine whether a prior offense qualifies as a predicate offense for a sentence enhancement. *Id.* at 602, 110 S.Ct. 2143. Only when the statutory language of the prior crime encompasses both violent and nonviolent behavior may the sentencing court look beyond the statutory language to determine whether the defendant's specific conduct amounted to a crime of violence. *Id.* Where the defendant was convicted by a jury for his prior crime, the sentencing court may consider the charging document and the jury instructions. *Id.* Where the prior conviction was secured pursuant to a plea, the sentencing court may consider the terms of the plea agreement, the transcript of the colloquy between the judge and the defendant where the factual basis for the plea was secured, or some comparable judicial record of the information. *Shepard v.*

---

**1.** The advisory note uses language very similar to that used the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). Courts considering the career offender enhancement under the Sentencing Guidelines have held the provision is functionally identical to the ACCA, and there is no basis for reading the two differently. *United States v. Bartee,* 529 F.3d 357, 359 (6th Cir.2008) (holding the categorical approach for determining whether a crime constitutes a "violent felony" under the

ACCA has been applied to the determination of whether a crime constitutes a "crime of violence" under section 4B1.2(a) of the Sentencing Guidelines) (citing *United States v. Arnold,* 58 F.3d 1117, 1121 (6th Cir.1995).) *See also United States v. Williams,* 537 F.3d 969, 971–72 (8th Cir.2008) (holding the circuit has never recognized a distinction between the phrase "crime of violence" under the Guidelines and the phrase "violent felony" under the ACCA).

*United States,* 544 U.S. 13, 22, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). *See also Gonzales v. Duenas–Alvarez,* 549 U.S. 183, 189, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007) (clarifying *Shepard's* holding that where a conviction is obtained pursuant to a plea, the sentencing court may consider documents outlined in *Taylor* as well as those documents relevant to the plea agreement).

## II. MICHIGAN STATUTE AS A CATEGORICAL CRIME OF VIOLENCE

In Michigan, the crime of assault with intent to commit criminal sexual conduct is defined at MCL § 750.520g. The statute provides

(1) Assault with intent to commit criminal sexual conduct involving sexual penetration shall be a felony punishable by imprisonment for not more than 10 years.

(2) Assault with intent to commit criminal sexual conduct in the second degree is a felony punishable by imprisonment for not more than 5 years.

MCL § 750.520g(1). The elements of assault with intent to commit criminal sexual conduct were first outlined in *People v. Snell,* 118 Mich.App. 750, 325 N.W.2d 563, 566 (1982).[2] The issue on appeal concerned the elements of the assault with the intent to commit criminal sexual conduct statute, MCL § 750.520g. The court looked at statutory definitions and relevant case law. *Id.* The court provided the following description of the elements of the statute.

Specifically, the elements of assault with intent to commit CSC are as follows: (1) *There must be an assault.* (2) *There must be a sexual purpose. When the act involves penetration, defendant must have intended the act involving*

*some sexually improper intent or purpose.* When the act involves contact, defendant must have intended the act for the purpose of sexual arousal or sexual gratification. (3) *When the act involves penetration, the intended sexual act must have been one involving some actual entry of another person's genital or anal openings or some oral sexual act.* When the act involves contact, defendant must have specifically intended to touch the complainant's genital area, inner thigh, buttock, breast or clothing covering those areas, or defendant must have specifically intent to have the complainant touch such area on him. (4) *There must be some aggravating circumstances, e.g., the use of force or coercion.* An actual touching is not required. When the act involves penetration, it is not necessary to show that the sexual act was started or completed.

*Id.* (emphasis added). The court identified the last element as "some aggravating circumstances, *e.g.,* the use of force or coercion." *Id.* The signal *"e.g."* is latin for *"exempli gratia"* or "for example." Force or coercion is one of the circumstances listed under the CSC first statute. *See* MCL § 750.520b(1)(f). It is noteworthy that CSC first and third, violations of MCL § 750.520b and 520d respectively, involve criminal sexual conduct involving sexual *penetration* and some other circumstance, while CSC second, a violation of MCL § 750.520c, involves sexual *contact* and some other circumstance. The criminal sexual assault statute, MCL § 750.520g(1), thus criminalizes the crime of assault with the intent to commit CSC first and CSC third.

More recently, the Michigan Supreme Court held, to establish a violation of sec-

---

**2.** In *Snell,* the defendant was charged with assault with intent to commit criminal sexual conduct involving sexual penetration, a violation of MCL § 750.520(g)(1), but was convict-

ed of assault with intent to commit criminal sexual conduct in the second degree, a violation of MCL § 750.520(g)(2). 325 N.W.2d at 566.

tion 520g(1), the prosecutor must show (1) an assault occurred with (2) an intent to commit criminal sexual conduct involving sexual penetration. *Michigan v. Starks*, 473 Mich. 227, 701 N.W.2d 136, 140 (2005) (quoting *Michigan v. Nickens*, 470 Mich. 622, 685 N.W.2d 657 (2004)). The court explained how the assault element might be established. The prosecutor might show either (1) an attempt to commit a battery (attempted-battery assault) or (2) an unlawful act that places another in reasonable apprehension of receiving an immediate battery (apprehension-type assault). *Id.* A battery is an intentional, unconsented and harmful or offensive touching of the person or another. *Id.* (quoting *Michigan v. Reeves*, 458 Mich. 236, 580 N.W.2d 433, 435 n. 4 (1998)). "[W]hen one attempts an intentional, unconsented, and harmful or offensive touching of a person, one has committed an assault." *Id.*

## ANALYSIS

█ Defendant France meets the first two requirements under USSG § 4B1.1(a) to be sentenced as a career offender. Defendant is over 18 years of age and he has pleaded guilty to a controlled substance offense. Defendant's 1991 controlled substance offense counts as one prior felony conviction under the career offender guidelines. Defendant's 1992 sexual assault conviction will count as a second conviction for the purposes of enhancing his sentence as a career offender if the conviction is for (1) a crime specifically enumerated in the

application notes, (2) a crime that has, as an element, the use, attempted use or threatened use of force, or (3) a crime that involves conduct posing a serious potential risk of physical injury to another. *See Arnold*, 58 F.3d at 1121.

For purposes of this opinion, the Court first assumes, as Defendant asserts, that under the categorical approach, Michigan's sexual assault statute does not clearly constitute a crime of violence under either the first or second ways in which a crime may be considered a crime of violence under the Sentencing Guidelines. Second, Michigan's sexual assault statute does not clearly fall under one of the crimes enumerated in the advisory comment as it is not clearly a "forcible sex crime." Third, the statute also does not necessarily involve the use, attempted use or threatened use of force.[3] Fourth, in Michigan, an assault need not include the use of force. An assault may be an attempt or apprehension of an unconsented harmful or offensive touching. *See Starks*, 701 N.W.2d at 140.

Nevertheless, the crime to which Defendant pleaded guilty does, however, constitute a crime of violence. Under the residual clause, a sentencing court must determine whether the crime involves conduct posing a serious potential risk of physical injury. Still using the categorical approach, a sentencing courts must "consider whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender." *James v. United States*, 550 U.S. 192, 127 S.Ct.

**3.** There is Sixth Circuit authority leading to a contrary conclusion. *See United States v. Bass*, 274 Fed.Appx. 443, 449 (6th Cir.2008) ("It is abundantly clear from the charge itself, specifically from the use of the term 'assault,' that the prior conviction was for a crime of violence, either because it was 'an [ ] offense ... that has as an element the use, attempted use, or threatened use of force against the

person of another,' USSG § 4B1.2(a)(1), or because, at the very least, it 'involves conduct that presents a serious potential risk of physical injury to another.' USSG § 41.2(a)(2).''); *United States v. Perez–Velasquez*, 67 Fed.Appx. 890, 892 (6th Cir.2003) (holding, in the context of USSG § 2L1.2, that "sexual penetration of a minor without legally cognizable consent is necessarily 'forcible.' ").

1586, 1594, 167 L.Ed.2d 532 (2007) (emphasis in original). The Supreme Court explained

> [o]ne could, of course, imagine a situation in which attempted burglary might not pose a realistic risk of confrontation or injury to anyone.... But the ACCA does not require metaphysical certainty. Rather, § 924(e)(2)(B)(ii)'s residual provision speaks in terms of a "potential risk." These are inherently probabilistic concepts. Indeed, the combination of the two terms suggests that Congress intended to encompass possibilities even more contingent or remote than a simple "risk," much less a certainty. * * *

James' argument also misapprehends *Taylor*'s categorical approach. We do not view that approach as requiring that every conceivable factual offense covered by statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent felony.

Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another. One can always hypothesize unusual cases in which even a prototypically violent crime might not present a genuine risk of injury—for example an attempted murder where the gun, unbeknownst to the shooter, had no bullets. Or, to take an example from the offenses specifically enumerated in § 924(e)(2)(B)(ii), one could imagine an extortion scheme where an anonymous blackmailer threatens to release embarrassing personal information about the victim unless he is mailed regular payments. In both cases, the risk of physical injury to another approaches zero. But that does not mean that the offenses of attempted murder or extortion are categorically nonviolent.

As long as an offense is of a type that, by its nature, presents a serious poten-tial risk of injury to another, it satisfies the requirements of § 924(e)(2)(B)(ii)'s residual provision.

*Id.* at 1597 (citations and footnotes omitted). *See also United States v. Westerfield,* Nos. 07–3376 and 07–3438, 2008 WL 2796057 at *7 (6th Cir. Jul. 21, 2008) (Griffin, J.) (finding the Ohio abduction statute, even though the crime could be committed without the use of violence, targeted conduct that, by its nature, presented a serious potential risk of injury to another).

Assault with the intent to commit criminal sexual conduct involving penetration, is an offense that, by its nature, presents a potential risk of injury to another. In the ordinary case, the elements establishing the crime will demonstrate conduct presenting a serious potential risk of injury to another. Although it may be possible to commit assault with intent to commit criminal sexual conduct involving penetration without the use of violence, that is not the ordinary application of the statute. Defendant argues that the statute is ordinarily used to prosecute attempted statutory rape so that it is not a mere possibility, but a real probability, that the statute applies to nonviolent offenses. *See Starks,* 701 N.W.2d at 140. Although Defendant attempts to distinguish various cases, the overwhelming authority from the Sixth Circuit holds sexual offenses involving victims who are minors constitute crimes of violence. *See United States v. Hargrove,* 416 F.3d 486 (6th Cir.2005); *Unites States v. Campbell,* 256 F.3d 381 (6th Cir.2001); *United States v. Champion,* 248 F.3d 502 (6th Cir.2001); *United States v. Arnold,* 92 F.3d 1186, 1996 WL 435276 (6th Cir. Aug. 1, 1996) (unpublished table opinion).

## III. SIMILARITY TO ENUMERATED CRIMES IN THE RESIDUAL CLAUSE

■ In order to conclude a crime poses a serious potential risk of physical injury

under the residual clause, the crime must be roughly similar to the enumerated crimes "in kind as well as in degree of risk posed." *Begay v. U.S.,* — U.S. ——, 128 S.Ct. 1581, 1585, 170 L.Ed.2d 490 (2008); *Bartee,* 529 F.3d at 363. In rejecting the proposition that New Mexico's driving under the influence statute was a crime of violence under the residual clause, the Supreme Court noted the crime arose under a strict liability statute, unlike the enumerated crimes. *Begay,* 128 S.Ct. at 1586–1587. To determine whether a crime is "in kind" to the listed offenses, the Supreme Court directed sentencing courts to consider whether the crime involves purposeful, violent, and aggressive conduct. *Id.;* *United States v. Williams,* 529 F.3d 1, 7 (1st Cir.2008). The First Circuit concluded the crime of interstate transportation of a minor for prostitution constituted a crime of violence under the residual clause. *Id.* at 8. The court concluded that illicit sexual activity between an adult and a minor posed a significant risk that force would be used during the commission of the crime. *Id.* at 5. The court also concluded there was a "strong argument for treating the transportation of a minor for prostitution as a violent crime" because "unlike DUI, the crime is purposeful and the perpetrator is aware of the risks that the prostituted minor will face." *Id.* at 7.

The crime of assault with intent to commit criminal sexual conduct involving penetration is sufficiently similar in kind and has a similar degree of risk to the listed crimes as to constitute a crime of violence. As noted by the First Circuit in *Williams,* the adjectives "purposeful" and "aggressive" are imprecise aids. 529 F.3d at 7. Similar to the listed crimes, assault is a specific intent crime. In addition to the assault, the defendant must have the spe-cific intent to sexually penetrate. Such conduct, the assault with the intent to sexually penetrate the victim, is both purposeful and aggressive. In the ordinary case, although certainly not in every possible case, the crime of assault involves violent conduct. In the ordinary case, although certainly not in every possible case, criminal sexual conduct involving penetration also involves violent behavior. This Court concludes such the risk to the victim inherent in such conduct is sufficient in degree of risk to the listed crimes. Accordingly, the crime to which Defendant pleaded guilty is sufficiently similar to the enumerated crimes under the residual clause and constitutes a crime of violence.

## IV. CONCLUSION

Defendant France may be sentenced as a career offender under section 4B1.1 of the Sentencing Guidelines. Under the categorical approach, the crime to which Defendant France pleaded guilty constitutes a crime of violence. The elements of assault with intent to commit criminal sexual conduct involving sexual penetration, at the very least, involve conduct that ordinarily pose a serious potential risk of physical injury to the victim. Although there may be ways of committing the crime that do not pose a serious potential risk, such crimes are not ordinary probabilities, but extraordinary possibilities. In addition, the kind of risk and degree of risk to the victim are sufficiently similar to the crimes enumerated in the residual clause to conclude that the crime is a crime of violence.[4]

---

4. Having so concluded, the Court will not address the government's other arguments that there are additional reasons why Defen-dant's prior conviction should be classified as a crime of violence.