RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0588n.06

No. 08-2214

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Sep 02, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| SAMUEL DARNELL FRANCE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SILER and GIBBONS, Circuit Judges; REEVES, District Judge.[*]

**DANNY C. REEVES, District Judge.** Samuel France appeals his 200-month sentence based on the district court's determination that he qualifies as a career offender under § 4B1.1 of the sentencing guidelines. For the following reasons, we vacate France's sentence and remand the case for resentencing.

I.

The facts underlying this appeal are not in dispute. As set forth in the Presentence Investigation Report, France was indicted in March 2008 on one count of distributing fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty to that charge two months later. Prior to sentencing, France was classified as a career offender by the United States

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

Probation Office based on two prior felony convictions. France concedes that the first of those

convictions (delivery of cocaine), is a controlled-substance offense for purposes of the career-

offender determination under the sentencing guidelines. The subject of the instant appeal is the

second conviction, which arose out of an incident in 1992 when France, then twenty years old, had

sex with a fourteen-year-old girl. That encounter resulted in a one-count felony information charging

France with criminal sexual conduct in the third degree in violation of Michigan law. The original

felony information alleged:

> SAMUEL DARNELL FRANCE did engage in sexual penetration with another
> person, to-wit: MARISA ARIANE LEON, DOB 1/23/78, said person being at least
> 13 years of age, but under 16 years; contrary to MCL 750.520d(1)(a)[.]

A subsequent amended felony information incorporated by reference the original charge and added

a second count, which read:

> SAMUEL DARNELL FRANCE did assault another person to-wit: MARISA
> ARIANE LEON with intent to commit criminal sexual conduct involving sexual
> penetration, contrary to MCL 750.520g(1)[.]

France pleaded guilty to the charge of assault with intent to commit criminal sexual conduct

involving sexual penetration. The original charge of criminal sexual conduct in the third degree was

dismissed in exchange for his guilty plea.

France objected to his classification as a career offender based on his sexual-assault

conviction, arguing that assault with intent to commit criminal sexual conduct involving sexual

penetration is not a "crime of violence" for purposes of the career-offender determination under

U.S.S.G. § 4B1.1. However, the district court concluded that the offense was a crime of violence

and overruled France's objection. The court thus applied the career-offender sentencing

2

enhancement, and France was sentenced to 200 months imprisonment and five years of supervised

release.

II.

Sentences imposed since *Booker* "are reviewed for reasonableness — including for

procedural error in the calculation of the guideline range." *United States v. Bartee*, 529 F.3d 357,

358 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 596, 169 L. Ed.

2d 445 (2007); and *United States v. Booker*, 543 U.S. 220, 261, 125 S. Ct. 738, 160 L. Ed. 2d 621

(2005)). A district court's determination that an offense constitutes a crime of violence is subject

to de novo review. *Id.* (citing *United States v. Hargrove*, 416 F.3d 486, 494 (6th Cir. 2005)).

The sole issue raised in this appeal is whether the district court correctly found that France's

sexual-assault offense constitutes a crime of violence for purposes of the career-offender

determination under the sentencing guidelines. Section 4B1.1(a) of the guidelines provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old
> at the time the defendant committed the instant offense of conviction; (2) the instant
> offense of conviction is a felony that is either a crime of violence or a controlled
> substance offense; and (3) the defendant has at least two prior felony convictions of
> either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). A "crime of violence" is defined as

> any offense under federal or state law, punishable by imprisonment for a term
> exceeding one year, that –

> > (1)     has as an element the use, attempted use, or threatened use of physical
> > force against the person of another, or

> > (2)     is burglary of a dwelling, arson, or extortion, involves use of
> > explosives, or otherwise involves conduct that presents a serious
> > potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

Whether a particular offense constitutes a crime of violence is determined using the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), and made applicable to plea-based convictions in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005). *Bartee*, 529 F.3d at 359. When applying this approach, "the court must look only to the fact of conviction and the statutory definition — not the facts underlying the offense — to determine whether that definition supports a conclusion that the conviction was for a crime of violence." *Id.* (citing *United States v. Armstead*, 467 F.3d 943, 947 (6th Cir. 2006)). The categorical approach was meant to prevent sentencing courts from "'relitigat[ing] the facts and delv[ing] into the details of a prior conviction.'" *Id.* (quoting *Armstead*, 467 F.3d at 947).

The Supreme Court has allowed an exception to the categorical approach in cases where the statutory definition of the offense underlying the defendant's prior conviction is ambiguous. *Id.* Under this exception, if the prior conviction was based on a plea, the court may consider "'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information'" in order to determine whether the offense admitted to was a crime of violence. *Id.* (quoting *Shepard*, 544 U.S. at 26). When examining the charging document in a case where the crime initially charged is not the crime of which the defendant was convicted, "the court may only consider the elements of [the] dismissed charge that are essential to the offense to which the defendant pleaded guilty." *Id.* at 361 n.4 (citing *Armstead*, 467 F.3d at 949,

and *United States v. Arnold*, 58 F.3d 1117, 1124 (6th Cir. 1995)). Moreover, this Court has held that a presentence report is not a "comparable judicial record" under *Shepard* and thus may not properly be considered during the crime-of-violence inquiry. *See United States v. Wynn*, 579 F.3d 567, 575-77 (6th Cir. 2009).

## A.    Categorical Approach

An offense is categorically a crime of violence if it is apparent from the statutory definition that the offense (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) is one of the offenses enumerated in § 4B1.2(a)(2), i.e., burglary of a dwelling, arson, extortion, or an offense involving the use of explosives; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a); *see United States v. Baker*, 559 F.3d 443, 452 (6th Cir. 2009). Thus, the first inquiry in the present case is whether the Michigan statute under which France was convicted "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

France was convicted of assault with intent to commit criminal sexual conduct involving sexual penetration in violation of MCL § 750.520g(1). The Supreme Court of Michigan has defined the elements of that offense as "simply (1) an assault, and (2) an intent to commit [criminal sexual conduct] involving sexual penetration." *People v. Nickens*, 470 Mich. 622, 685 N.W.2d 657, 661 (Mich. 2004). As will be discussed more fully below, under Michigan law, assault does not necessarily involve the use (or attempted or threatened use) of force. *See id.* at 662. Thus, France's sexual-assault offense does not qualify as a crime of violence under the first prong of the categorical

approach. Moreover, the offense is not one of the crimes enumerated in U.S.S.G. § 4B1.2(a)(2). The remaining question, then, is whether assault with intent to commit criminal sexual conduct involving sexual penetration constitutes a crime of violence under the "otherwise" clause of that section.

The standard for determining whether an offense falls under the "otherwise" clause of § 4B1.2(a)(2) has evolved in recent years. Previously, the inquiry was simply whether the crime generally involved "a serious potential risk of physical injury to another." *Bartee*, 529 F.3d at 362-63 (citing *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008)). However, in *Begay*, the Supreme Court held that to be a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), a crime must not merely carry "a serious potential risk of physical injury to another," but must also be "similar in both kind and in degree of risk to the enumerated examples — burglary of a dwelling, arson, extortion, or crimes involving the use of explosives." *Id.* at 363. Because this Circuit has determined that the "violent felony" definition under the ACCA should be interpreted consistently with the parallel "crime of violence" provision in the sentencing guidelines, the test set forth in *Begay* also applies to cases involving U.S.S.G. § 4B1.2(a)(2). *See id.* at 363.

This Court recently explained that "to be alike in kind to the enumerated offenses [for purposes of the second prong of the *Begay* test], a crime must be alike in the purposeful, violent, and aggressive nature of the conduct." *Wynn*, 579 F.3d at 573 (internal quotation marks omitted); *see also Bartee*, 529 F.3d at 363 (discussing the *Begay* Court's distinction among crimes based on whether the offense involves purposeful, aggressive, and violent conduct). In *Wynn*, the panel

determined that under the *Begay* analysis, a "generic conviction" for a violation of Ohio's sexual-battery statute "is not categorically a 'crime of violence' because some subsections of [the statute] can result in convictions for crimes that, while involving purposeful behavior, do not involve aggressive and violent behavior."[1] *Wynn*, 579 F.3d at 574. As an example, the panel noted that the statute "criminalizes a consensual sexual encounter between a woman and her 21-year-old adopted stepson." *Id.* (citing *State v. Lowe*, 112 Ohio St. 3d 507, 2007 Ohio 606, 861 N.E.2d 512, 515 (Ohio 2007)). Since such an act "would not be violent and aggressive by nature, [it] thus would not be a 'crime of violence' under the *Begay* test." *Id.* In other words, the fact that the statute could be violated in ways that did not involve aggressive and violent conduct precluded a categorical finding that the offense was a crime of violence.

Like the Ohio sexual-battery statute analyzed in *Wynn*, the statute at issue in this case can be violated in a number of ways that do not involve violent or aggressive conduct. Under Michigan common law, an assault consists of an attempt to commit "an intentional, unconsented, and harmful or offensive touching." *People v. Starks*, 473 Mich. 227, 701 N.W.2d 136, 141 (Mich. 2005). An assault may occur where consent to the touching is obtained by fraud or from a person who is not legally capable of consenting. *See id.*; *see also Nickens*, 685 N.W.2d at 662. For example, in *Starks*, the Michigan Supreme Court found that there was sufficient evidence to establish assault with intent to commit criminal sexual conduct involving sexual penetration where the defendant attempted to

---

[1]*Wynn* overruled *United States v. Mack* (*Mack II*), 53 F.3d 126 (6th Cir. 1995), in which the panel found that a violation of the same sexual-battery statute was categorically a crime of violence. *See* 579 F.3d at 573 ("In light of *Begay*, our decision in *Mack II* is no longer good law."). The government relied on *Mack II* in its brief, which was filed prior to the *Wynn* decision.

perform fellatio on a thirteen-year-old boy; although there was no evidence that the child resisted or that the defendant used or threatened force, the act was necessarily "unconsented" because a thirteen-year-old could not legally give consent. *See* 701 N.W.2d at 141. Such acts, while they may be purposeful, are not necessarily violent and aggressive. *See Wynn*, 579 F.3d at 574; *see also Arnold*, 58 F.3d at 1121-22 (concluding, prior to *Begay*, that assault with intent to commit sexual battery under Tennessee law was not necessarily a crime of violence because the statute encompassed assault accomplished by fraud as well as by force). Thus, assault with intent to commit criminal sexual conduct involving sexual penetration under MCL § 750.520g(1) cannot categorically be a crime of violence.

The district court concluded otherwise after applying the two-prong *Begay* test and finding that "[i]n the ordinary case, although certainly not in every possible case, the crime of assault involves violent conduct" and "in the ordinary case, although certainly not in every possible case, criminal sexual conduct involving penetration also involves violent behavior." *United States v. France*, 574 F. Supp. 2d 801, 807 (W.D. Mich. 2008). This reasoning is not sound in light of *Wynn*, however, and indeed, the United States conceded at oral argument that a violation of MCL § 750.520g(1) is not categorically a crime of violence. Rather, because the statutory definition of the offense is ambiguous, the analysis shifts from the categorical approach to the *Shepard* exception to determine whether the conduct to which France pleaded guilty nevertheless constitutes a crime of violence. *See Wynn*, 579 F.3d at 574.

## B. *Shepard* Exception

The government maintains that France's sexual-assault offense is a crime of violence under the *Shepard* exception because the victim was a minor — a fact which, according to the United States, can be gleaned from the charging documents in the underlying case. As previously noted, when the crime-of-violence inquiry extends beyond the statutory definition of the offense in a case involving a prior plea-based conviction, the sentencing court may consider only "'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *Bartee*, 529 F.3d at 359 (quoting *Shepard*, 544 U.S. at 26); *see also Wynn*, 579 F.3d at 575-77 (presentence reports not covered by *Shepard* exception). Here, the only potential *Shepard*-approved documents currently in the record are the two charging documents: the original felony information, which charged France with criminal sexual conduct in the third degree and revealed the victim's age, and the amended information, which incorporated by reference the original charge and added a second count, the count to which France ultimately pleaded guilty.

Despite the government's assumption to the contrary, only Count 2 of the amended felony information may be considered under the sentencing guidelines. The application notes contained in the Sentencing Commission's commentary to U.S.S.G. § 4B1.2 specify that an offense constitutes a crime of violence if "the conduct set forth (i.e., expressly charged) *in the count of which the defendant was convicted* . . . by its nature[] presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 cmt. n.1 (emphasis added). The Commission further noted that § 4B1.1

expressly provides that the instant and prior offenses must be crimes of violence or controlled substance offenses *of which the defendant was convicted.* Therefore, in determining whether an offense is a crime of violence or controlled substance [offense] for the purposes of § 4B1.1 (Career Offender), *the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of the inquiry*.

*Id.* n.2 (emphasis added); *see also Bartee*, 529 F.3d at 361 n.4.[2] Application notes to the sentencing guidelines are given controlling weight. *United States v. Jarman*, 144 F.3d 912, 914 (6th Cir. 1998). Thus, only Count 2 of the amended felony information is relevant to the crime-of-violence determination, because the conduct charged in that count is the conduct of which France was convicted.[3]

Count 2 of the amended information merely alleges that France assaulted the victim with intent to commit criminal sexual conduct involving sexual penetration in violation of MCL § 750.520g(1). The charge does not mention that the victim was a minor, nor was the victim's age an element of the crime. *See Nickens*, 685 N.W.2d at 661 (defining the elements of the offense as "(1) an assault, and (2) an intent to commit [criminal sexual conduct] involving sexual penetration").

---

[2]In *Bartee*, the defendant had originally been charged with third-degree criminal sexual conduct under MCL § 750.520d(1)(a), i.e., sexual penetration with a person who is at least 13 and under 16 years of age — the same offense with which France was initially charged. 529 F.3d at 361 n.4. As in France's case, however, the criminal sexual conduct charge against Bartee was dismissed. *Id.* The *Bartee* panel questioned the significance of the initial felony information for purposes of establishing that the defendant's prior conviction involved sexual conduct with a minor, since "the court may only consider the elements of a dismissed charge that are essential to the offense to which the defendant pleaded guilty." *Id.*

[3]The United States maintains that because the amended felony information incorporates by reference the original information, which provides the victim's date of birth, the age of the victim may properly be considered. However, only Count 1 of the amended information — the dismissed count — incorporates the original charge, not Count 2, the count of conviction.

Moreover, as explained above, the fact that the original felony information identified the victim as a fourteen-year-old is of no consequence, as only the count of conviction may be considered. *See* U.S.S.G. § 4B1.2 cmt. nn.1-2; *Bartee*, 529 F.3d at 361 n.4. The various cases cited by both parties regarding whether a sexual offense involving a minor inherently presents a serious potential risk of physical injury are therefore inapposite, since the age of France's victim is not a proper consideration on the current record.

Because the district court concluded that assault with intent to commit criminal sexual conduct involving sexual penetration is categorically a crime of violence, it did not reach the *Shepard* inquiry and, therefore, had no occasion to consider *Shepard* documents such as the amended felony information. If such additional documents exist, they may confirm that France's conviction under MCL § 750.520g(1) constitutes a crime of violence. Since the statutory definition of the offense is ambiguous, a *Shepard* remand is appropriate to allow the United States to submit additional evidence establishing that the crime to which France admitted was a crime of violence. *See, e.g.*, *Bartee*, 529 F.3d at 363.

### III.

For the foregoing reasons, we **VACATE** France's sentence and **REMAND** the case for resentencing with instructions to allow the United States to provide additional *Shepard*-approved documents for the purpose of determining whether the conduct to which France pleaded guilty constitutes a crime of violence.