**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Maura D. Corrigan

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 20, 2004**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                             No. 123992

DENNIS L. NICKENS,

    Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

Defendant was charged with criminal sexual conduct in the first degree (CSC-I) involving personal injury and the use of force or coercion to accomplish sexual penetration, MCL 750.520b(1)(f). Over defendant's objections, the trial court additionally instructed the jury on assault with intent to commit CSC involving sexual penetration, MCL 750.520g(1). The jury acquitted defendant of the CSC-I charge, but found him guilty of assault with intent to commit CSC.

We granted leave to appeal to consider whether assault with intent to commit CSC involving sexual penetration, MCL

750.520g(1), is included within the offense of first-degree CSC involving personal injury and the use of force or coercion to accomplish sexual penetration, MCL 750.520b(1)(f).[1] The Court of Appeals held that because MCL 750.520g(1) was not a necessarily lesser included offense of MCL 750.520b(1)(f), the trial court erred by instructing the jury on the assault offense.[2] We hold that the trial court did not err in its instruction to the jury because the assault offense is a necessarily lesser included offense of first-degree CSC involving personal injury and the use of force or coercion to accomplish sexual penetration. Therefore, we reverse the decision of the Court of Appeals and reinstate defendant's assault conviction.

I. FACTS AND PROCEEDINGS

We adopt as our own the following facts set forth by the Court of Appeals:

> Defendant's conviction arises from allegations that he sexually assaulted his former girlfriend. The complainant and defendant dated intermittently for several years and had two children. At some point, the complainant began dating another man named Frank. According to the complainant, defendant did not accept this new relationship. When the complainant ultimately

_____

[1] 469 Mich 949 (2003).

[2] Unpublished opinion per curiam, issued April 24, 2003 (Docket No. 237794).

ended her relationship with Frank in August 2000, she discussed the possibility of reconciling with defendant.

On September 9, 2000, at approximately 4:30 a.m., the complainant claimed that Frank unexpectedly came to her home and stayed for half an hour. According to the complainant, defendant called during this time and "exchanged some words" with Frank over the telephone. Later that day, the complainant stated that defendant visited her house. The complainant testified . . . that defendant straddled her, tore her clothes, and pulled down her pants. Throughout the assault, the complainant asserted that defendant accused her of being intimate with Frank, called her derogatory names, and punched her repeatedly in the head.

The complainant indicated that defendant subsequently dragged her into her bedroom, pushed her over a chair, and punched her in the stomach. Defendant then told her to stand up, pushed her backwards, and said, "[s]uck my [penis], bit--." The complainant claimed that when she attempted to stand up, defendant punched her in the stomach again and caused her to regurgitate. Defendant ultimately pulled her head up, placed his penis on the side of her mouth, and ejaculated "all over" her. As a result of defendant's actions, the complainant stated that she suffered a blood clot in her stomach, bruising on her chest and left eye, and a swollen left cheek. On September 14th, the complainant reported the sexual assault to the police. She later obtained a personal protective order against defendant.

Defendant was charged with CSC-I under MCL 750.520b(1)(f). A jury trial was held and, over defendant's objections, the trial court additionally instructed the jury on assault with intent to commit CSC

3

involving sexual penetration, MCL 750.520g(1).[3]   The jury
acquitted defendant of the CSC-I charge, but found him
guilty of assault with intent to commit CSC.   On appeal,
the Court of Appeals held, inter alia, that under this
Court's decision in *People v Cornell*, 466 Mich 335, 357;
646 NW2d 127 (2002), the trial court erred by instructing
the jury on the lesser offense because MCL 750.520g(1) is
not a necessarily lesser included offense of MCL
750.520b(1)(f).   We granted the prosecution's application
for leave to appeal.

## II. STANDARD OF REVIEW

Whether assault with intent to commit CSC involving
sexual penetration is included within the offense of CSC-I
involving personal injury and the use of force or coercion
to accomplish sexual penetration is a question of law,
which this Court reviews de novo.   *People v Mendoza*, 468
Mich 527, 531; 664 NW2d 685 (2003).

---

[3] The trial court also instructed the jury on the
offense of aggravated assault, MCL 750.81a(1).   However,
the jury did not find defendant guilty of this offense and,
thus, we express no opinion on the validity of the trial
court's instruction on this offense.

# III. ANALYSIS

## A. *Cornell* and MCL 768.32

In *Cornell, supra* at 357, this Court held that, under MCL 768.32,[4] a lesser offense instruction is appropriate only if the lesser offense is necessarily included in the greater offense. "Necessarily included lesser offenses are offenses in which the elements of the lesser offense are completely subsumed in the greater offense." *Mendoza, supra* at 532 n 3. Thus, an instruction on a lesser offense is proper where "all the elements of the lesser offense are included in the greater offense, and a rational view of the evidence would support such an instruction." *Id.* at 533.[5]

Further, in *Cornell* this Court expressly stated that the decision in that case would apply "to those cases pending on appeal in which the issue has been raised and

---

[4] MCL 768.32(1) provides in pertinent part:

> [U]pon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.

[5] I remain committed to my position in *People v Mendoza*, 468 Mich 527, 548-556 (CAVANAGH, J., concurring). Nonetheless, this Court's decisions in *Cornell* and *Mendoza* are the current law in the state of Michigan.

preserved." *Cornell, supra* at 367. Here, defense counsel objected to the trial court giving the lesser offense instructions. Moreover, neither the prosecution nor defendant asserts that the issue is unpreserved. Because defendant's case was pending on appeal and the alleged error was raised and preserved for review, our decision, by the express directive in *Cornell*, applies to this case. Thus, the instruction on assault with intent to commit CSC involving sexual penetration was appropriate if such an offense is a necessarily lesser included offense of CSC-I involving personal injury and the use of force or coercion to accomplish sexual penetration.

### B. The Elements of Assault with Intent to Commit CSC Involving Sexual Penetration

MCL 750.520g(1) states, "Assault with intent to commit criminal sexual conduct involving sexual penetration shall be a felony punishable by imprisonment for not more than 10 years." This Court has not had occasion to formally delineate the elements of this particular offense. Relying on its own case law, however, the Court of Appeals concluded that the elements of assault with intent to commit CSC involving sexual penetration are as follows: "(1) an assault; (2) with an improper sexual purpose or intent; (3) an intent to commit an act involving penetration; and (4) an aggravating circumstance." Slip op

6

at 2 n 2.  Because we believe that the Court of Appeals misinterprets MCL 750.520g(1), we reject its definition of that offense.

We hold that the elements of assault with intent to commit CSC involving penetration are simply (1) an assault, and (2) an intent to commit CSC involving sexual penetration.  Nothing in MCL 750.520g(1) requires the existence of an aggravating circumstance or that the assault is made with an improper sexual purpose or intent.  Further, "[w]hen a statute sets forth a crime and its punishment without designating its elements, courts must look to the common law for guidance." *People v Langworthy*, 416 Mich 630, 643 n 22; 331 NW2d 171 (1982).

An assault "'is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.'" *People v Johnson*, 407 Mich 196, 210; 284 NW2d 718 (1979), quoting *People v Sanford*, 402 Mich 460, 479; 265 NW2d 1 (1978).  The first type is referred to as an "attempted-battery assault," whereas the second is referred to as an "apprehension-type assault." *People v Reeves*, 458 Mich 236, 244; 580 NW2d 433 (1998).  As such, an assault can occur in one of two ways.

7

Moreover, a "battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id.* at 240 n 4. Therefore, a battery is the successful accomplishment of an attempted-battery assault. See Perkins & Boyce, Criminal Law (3d ed, 1982), p 151 ("[W]hen we speak of an *assault* we usually have in mind a *battery* which was attempted or threatened. The attempt may have failed or it may have succeeded. If it failed it constitutes an *assault* only. If it succeeded it is an assault and battery."); see also MCL 750.81. Stated differently, an attempted-battery assault is a necessarily lesser included offense of a completed battery because it is impossible to commit a battery without first committing an attempted-battery assault.

### C. The Elements of First-Degree CSC Involving Personal Injury and the Use of Force or Coercion to Accomplish Sexual Penetration

MCL 750.520b provides in pertinent part:

(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

* * *

(f) The actor causes personal injury to the victim and force or coercion is used to accomplish penetration. Force or coercion includes but is not limited to any of the following circumstances:

8

(i) When the actor overcomes the victim through the actual application of physical force or physical violence.

(ii) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats.

(iii) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute this threat. As used in this subdivision, "to retaliate" includes threats of physical punishment, kidnapping, or extortion.

(iv) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes which are medically recognized as unethical or unacceptable.

(v) When the actor, through concealment or by the element of surprise, is able to overcome the victim.

Thus, an actor may be found guilty under MCL 750.520b(1)(f) if the actor (1) causes personal injury to the victim, (2) engages in sexual penetration with the victim, and (3) uses force or coercion to accomplish the sexual penetration.

D. "Assault With Intent to Commit CSC Involving Sexual Penetration" is a Necessarily Lesser Included Offense of CSC-I Involving Personal Injury and the Use of Force or Coercion to Accomplish Sexual Penetration

The issue for this Court to resolve is whether CSC-I, under MCL 750.520b(1)(f), always includes an "assault with intent to commit CSC involving sexual penetration," MCL

750.520g(1). In other words, are all the elements of MCL 750.520g(1) subsumed into MCL 750.520b(1)(f) such that one cannot commit CSC-I involving personal injury and the use of force or coercion to accomplish sexual penetration without first committing an assault with intent to commit CSC involving sexual penetration? We hold that the elements are subsumed and, therefore, MCL 750.520g(1) is a necessarily lesser included offense of MCL 750.520b(1)(f).

In every instance where an actor commits CSC-I involving personal injury and uses force or coercion to accomplish sexual penetration, the actor first commits an attempted-battery assault with the intent to commit CSC involving sexual penetration. The term "force or coercion," as contained in MCL 750.520b(1)(f), necessarily contemplates a situation in which an assault has occurred. If, for example, the actor uses physical force to accomplish sexual penetration, a nonconsensual and harmful touching has occurred. Because a battery includes an attempted-battery assault, an assault has also occurred.

Likewise, if the actor overcomes the victim by coercion, a nonconsensual and harmful touching has occurred. "The application of force to the person of another is not unlawful,—and, therefore, not a battery—if the recipient consents to what is done, provided this

10

consent (1) is not *coerced* or obtained by fraud, (2) is given by one legally capable of consenting to such a deed, and (3) does not relate to a matter as to which consent will not be recognized as a matter of law." Perkins & Boyce, Criminal Law (3d ed, 1982), p 154 (emphasis added). As such, the criminal law views coerced consent as no consent at all.[6] Thus, if the victim is coerced into agreeing to sexual penetration, the victim cannot be said to have lawfully consented and, thus, a battery has occurred. Because a battery includes an attempted-battery assault, an assault has also occurred.

In sum, nonconsensual sexual penetration with another is, in and of itself, an attempted-battery assault and a battery. As such, the first prong of MCL 750.520g(1), an assault, is always satisfied when the actor commits CSC-I under MCL 750.520b(1)(f). Moreover, we also believe that the second prong of MCL 750.520g(1), an intent to commit CSC involving sexual penetration, is always satisfied when the actor commits CSC-I under MCL 750.520b(1)(f).

---

[6] "Submission under fear is not 'consent' as the word is used in the law. If a man said, 'I consent to be slapped,' at the point of a pistol and in fear of instant death if he did not say so, this would be no real consent to the slapping and the blow would constitute a battery." *Id*. at 155

11

We can envision no circumstance in which an actor could unintentionally or accidentally use force or coercion to sexually penetrate his victim and, therefore, lacked the necessary mens rea under MCL 750.520g(1) or MCL 750.520b(1)(f). We acknowledge that CSC-I is a general intent crime. *Langworthy*, *supra* at 645. We are further cognizant that assault with intent to commit CSC involving sexual penetration may be viewed as a specific intent crime. Under these circumstances, however, this is a distinction without a difference.[7]

---

[7] This Court has recently noted that "the enactment of MCL 768.37, which abolished the defense of voluntary intoxication except in one narrow circumstance, has significantly diminished the need to categorize crimes as being either 'specific' or 'general' intent crimes." *People v Maynor*, 470 Mich __, __; __ NW2d __ (2004) (opinion by Taylor, J.).

Additionally, we find this Court's reasoning in *Langworthy* persuasive in this particular case. Although the issue in *Langworthy* was whether CSC-I was a general or specific intent crime, this Court made the following observations:

> [W]e reject defendant's argument that if an applicable lesser included offense of a criminal sexual conduct offense requires specific intent, it necessarily follows that the greater offense also requires proof of specific intent. . . . We concur with the United States Court of Appeals, writing in *United States v Thornton*, 162 US App DC 207, 210-211; 498 F2d 749 (1974):
>
> > "Actually, as has been stated, '[A]ll attempts require specific intent'; so if it were to follow appellant's logic of superimposing the

(continued…)

12

## E. Application

The trial court properly instructed the jury on the lesser offense of assault with intent to commit CSC involving sexual penetration. An instruction on a lesser offense is proper where "all the elements of the lesser offense are included in the greater offense, and a rational view of the evidence would support such an instruction." *Mendoza, supra* at 533. First, MCL 750.520g(1) is a necessarily lesser included offense of MCL 750.520b(1)(f). Additionally, a rational view of the evidence indicates that there was sufficient support for the instruction on MCL 750.520g(1). The testimony of the complainant presented at trial indicates that defendant tore off the

---

(…continued)

> specific intent of an included crime upon the greater offense, a specific intent would be required for practically every crime. This could not be the law. The differing requirements for lesser offenses result principally from the differing nature of the crimes and from their historical and legislative definitions. The requirement of a specific intent for lesser crimes exists because of a desire to protect the individual against conviction on slight evidence. The same protection is unnecessary where substantial overt acts are committed and fully consummated offenses are provable. *There is no rule of law that crimes which carry greater punishment require the proof of greater, or even the same, criminal intent as included or related crimes which carry lesser punishment. . . ."* [*Langworthy, supra* at 644-645 (emphasis added).]

13

complainant's clothes; repeatedly beat her; stated, "[s]uck my [penis], bit--;" placed his penis on the side of the complainant's mouth; and ejaculated on the complainant.[8] Under these circumstances, the trial court did not err by instructing the jury on assault with intent to commit CSC involving sexual penetration.

## IV. CONCLUSION

We conclude that assault with intent to commit CSC involving sexual penetration, MCL 750.520g(1), is a necessarily lesser included offense of CSC-I involving personal injury and the use of force or coercion to accomplish sexual penetration, MCL 750.520b(1)(f). Accordingly, we reverse the decision of the Court of Appeals and reinstate defendant's assault conviction.

Michael F. Cavanagh
Maura D. Corrigan
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

---

[8] Because MCL 750.520g(1) is a necessarily lesser included offense of MCL 750.520b(1)(f)—i.e., it is impossible to commit the latter without first committing the former—and the facts alleged supported the lesser instruction, defendant was on notice of the included offense and was not prejudiced by the instruction. See, e.g., *People v Adams*, 389 Mich 222, 242-244; 205 NW2d 415 (1973); see also *Schmuck v United States*, 489 US 705, 717-719; 109 S Ct 1443; 103 L Ed 2d 734 (1989).

14