CAVANAGH, J.
{concurring). I agree with the majority that the prosecution presented sufficient evidence to *238 bind defendant over on the charge of assault with intent to commit criminal sexual conduct (CSC) involving sexual penetration, MCL 750.520g(l). In my view, however, it is unnecessary to reach the issue whether the thirteen-year-old complainant could consent to the underlying act as a matter of law for purposes of MCL 750.520g(l), and therefore whether People v Worrell, 417 Mich 617; 340 NW2d 612 (1983), must now be overruled. Here, the prosecutor presented sufficient evidence demonstrating that the complainant did not consent to the underlying act. Therefore, the evidence was sufficient to bind defendant over on the charge of assault with intent to commit CSC involving sexual penetration. Accordingly, the district court abused its discretion by not binding defendant over for trial.
A district court has a duty to bind a defendant over for trial if, at the conclusion of the preliminary examination, there is probable cause to believe that the defendant committed a felony. MCL 766.13. A district court’s decision whether to bind a defendant over for trial is reviewed for an abuse of discretion. People v Stone, 463 Mich 558, 561; 621 NW2d 702 (2001).
Here, the evidence introduced at the preliminary examination showed that defendant was one of the complainant’s supervisors in a youth detention program. Defendant was monitoring the complainant and another boy while the boys did their laundry. Using her position of authority, defendant ordered the other boy out of the room and arranged to be alone with the thirteen-year-old complainant in the locked laundry room.[1] Once alone, defendant asked the complainant if *239 he wanted her to perform fellatio on him. The complainant did not respond.[2] Defendant then ordered the complainant to pull his pants down. The complainant did as he was told. As defendant was about to perform fellatio, defendant’s coworker unlocked and opened the door, interrupting defendant. The complainant testified that defendant then began cursing at him, pretending as if the complainant had done something to her, and also pretending that she was doing laundry.
After considering this evidence, the district court concluded there was not probable cause to believe that an assault was committed, noting:
Now, the question that is before this Court is was the complainant in fear, and there is no testimony on the record that he was placed in fear of any battery. He pulled down his pants.
The Court in this particular — If this was a criminal sexual conduct first degree, the authority of the defendant would have been an element or a factor to take a CSC three to a CSC one. However, there is nothing on this record that he was placed in fear.
A battery is a forceful violent touching of a person.
*240 The Court does not believe that the proofs have been established to show that there is probable cause that a crime was committed. There is no — There is no evidence of the defendant [sic, the complainant] being placed in fear.
On the basis of the evidence presented, I would conclude that the district court abused its discretion by not binding defendant over for trial because there was probable cause to believe that defendant committed the crime of assault with intent to commit CSC involving sexual penetration.
The elements of assault with intent to commit CSC involving sexual penetration are (1) an assault and (2) an intent to commit CSC involving sexual penetration. People v Nickens, 470 Mich 622, 627; 685 NW2d 657 (2004). The first element, an assault, can occur in one of two ways. First, an assault can occur from an unlawful act that places another in reasonable apprehension of receiving an immediate battery (apprehension-type assault). Alternatively, an assault can occur from an attempt to commit a battery (attempted-battery assault). Id. at 628. A “ ‘battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person.’ ” Id. (citation omitted; emphasis added). Generally, a battery does not occur when the recipient validly consents to the touching. Id. at 630.
Here, the prosecutor presented sufficient evidence that the complainant was placed in reasonable apprehension of receiving an immediate battery, i.e., an unconsented offensive touching, and, thus, there was probable cause to believe that defendant committed an apprehension-type assault. Moreover, even if the district court’s conclusion that the complainant was not placed in fear is accorded great weight, there was still sufficient evidence that an attempted-battery assault *241 nonetheless occurred. On the basis of the prosecutor’s proffered evidence, there was probable cause to believe that the complainant did not consent and, thus, there was probable cause to believe that defendant committed an attempted-battery assault. Defendant used her position of authority to isolate the complainant and subsequently ordered him to remove his pants so that she could perform fellatio. In other words, there was probable cause to believe that the complainant’s compliance with his supervisor’s order was not a manifestation of his consent.
Thus, I agree with the majority that the prosecution presented sufficient evidence to bind defendant over on the charge of assault with intent to commit CSC involving sexual penetration. However, I would not reach the issue whether the complainant could consent to the underlying act because, at the very least, there is probable cause to believe that the complainant did not consent to the act. Therefore, the district court abused its discretion by not binding defendant over for trial on the charge of assault with intent to commit CSC involving sexual penetration.
Kelly and Markman, JJ., concurred with Cavanagh, J.

 Defendant’s coworker testified that the door to the laundry room was usually kept open while laundry was being done. But when the coworker later confronted defendant and the complainant in the laundry room, the door was closed.

 [The prosecutor]: Okay. Now when you say that she said do you want your private part sucked, is that the words that she used, or did she call it something else?
[The complainant]: She called it something else.
[The prosecutor]: What did she call it?
[The complainant]: She used the word private part as dick.
[The prosecutor]: Okay Did you answer her?
[The complainant]: No.