# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JARVIS HOSEA WHITLOW,

       Defendant-Appellant.

UNPUBLISHED
August 25, 2016

No. 327055
Wayne Circuit Court
LC No. 14-010761-FH

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Defendant, Jarvis Whitlow, appeals as of right his bench trial conviction of assault and battery, MCL 750.81(1). Defendant's conviction arises from the assault and battery of Shakarri Hill that occurred on June 14, 2014, at a party in the city of Wayne. The trial court sentenced defendant to one year of probation. We affirm.

Defendant challenges the sufficiency of the evidence with regard to his identity as the perpetrator. This Court reviews de novo a claim regarding the sufficiency of the evidence in a bench trial. *People v Lanzo Constr Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006). In reviewing the evidence, we examine the record in a light most favorable to the prosecution to determine whether a rational trier of fact could find the elements of the crime proven beyond a reasonable doubt. *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). Circumstantial evidence and reasonable inferences arising therefrom can establish the elements of a crime. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). We resolve any conflicting evidence in favor of the prosecution. *Id.*

MCL 750.81 provides, in relevant part:

> (1) Except as otherwise provided in this section, a person who assaults or assaults and batters an individual, if no other punishment is prescribed by law, is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

Criminal assault is " 'either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery.' " *People v Meissner*, 294 Mich App 438, 454; 812 NW2d 37 (2011), quoting *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). Criminal battery is defined as "an intentional, unconsented and harmful or offensive

-1-

touching of the person of another . . . ." *People v Nickens*, 470 Mich 622, 628; 685 NW2d 657 (2004) (citation and quotation marks omitted). Identity is an element of every crime. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008).

The record provides sufficient evidence to justify the trial court's finding that defendant was the person who assaulted and battered Shakarri Hill. Hill and Deonte Martin, who attended the party with Hill, provided similar descriptions of the events that transpired on the night of the offense. Both testified that defendant attacked Hill from behind by placing him in a chokehold, that defendant and Hill wrestled, and that Hill was able to release himself from defendant's chokehold and face his attacker. According to Hill and Martin, although it was dark outside, the streetlamps provided sufficient light to identify defendant as the attacker. Martin was confident in his identification of defendant as the perpetrator because he had encountered defendant through friends who knew him on at least four prior occasions. Similarly, Hill was confident in his identification of defendant as the perpetrator because they had played football together in high school. As a part of its factual findings, the trial court found Martin's testimony credible.

Defendant challenges the identification testimony in four respects.[1] First, he argues that it was too dark for the witnesses to identify him. But again, the record indicates that the streetlamps provided sufficient lighting for Martin and Hill to see defendant. Second, he claims that the trial court should have disregarded Hill's testimony because the perpetrator grabbed Hill from behind, out of Hill's line of sight. But according to both Hill and Martin, Hill was able to free himself from the chokehold and face his attacker, being defendant. Third, defendant argues that his girlfriend's testimony that she did not see him at the party should provide reasonable doubt about his attendance.[2] This argument also fails because other witnesses saw defendant, defendant's girlfriend could not testify with certainty that defendant was not at the party, and she did not witness the attack. Fourth, defendant concedes that while it may have been temporally possible for him to be at the party at the time of the attack, the strict timeline of events detailing his activities elsewhere before the incident should have established reasonable doubt that he attended the party. Although defendant's mother and sister testified to events that evening to support a finding that defendant was at home when the attack occurred, the trial court was in the best position to weigh all of the evidence and determine credibility. Absent exceptional circumstances, such as where testimony contradicts indisputable physical facts, defies physical realities, or has been seriously impeached in a case marked by uncertainties and discrepancies, deference is given to the fact-finder's determinations, as witness credibility is determined by more than just words, and may include such clues as tonal quality, volume, speech

---

[1] Although defendant at times frames his argument as indicating that the trial court "clearly erred" in making its factual findings, it is apparent that defendant is making a sufficiency of the evidence claim based on what he deems to be reasonable doubt when viewing the facts in a light most favorable to himself.

[2] Defendant's girlfriend testified that she and defendant had been exchanging text messages throughout the day and had made plans for defendant to come to the party after his basketball tournament ended. She testified that while it is possible defendant was at the party, she did not see him there.

patterns, and the witness's demeanor. *People v Lemmon*, 456 Mich 625, 642-646; 576 NW2d 129 (1998). The trial court was able to see, hear, and observe Hill, Martin, and defendant's witnesses and determine the credibility of their testimony.

For the foregoing reasons, we conclude that the evidence was sufficient to establish beyond a reasonable doubt defendant's identity as the perpetrator of the assault and battery at issue.

Affirmed.


/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola