*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DAYLON FENN

PEOPLE OF THE STATE OF MICHIGAN,

Petitioner-Appellee,

v

DAYLON FENN,

Respondent-Appellant.

UNPUBLISHED
May 21, 2019

No. 345185
Wayne Circuit Court
Family Division
LC No. 17-000498-DL

Before: SHAPIRO, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Respondent, a juvenile, appeals as of right the trial court's dispositional order adjudicating him responsible for first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (person under 13), and assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1). For the reasons set forth in this opinion, we affirm respondent's convictions and sentence.

This case arises out of the sexual assault of the seven-year-old victim by respondent who was 12 years old at the time of the assault. Respondent forced the victim to perform fellatio on him and then masturbated and ejaculated on the victim. Petitioner originally filed a petition alleging one count of assault with intent to commit criminal sexual conduct involving penetration. Approximately seven months after the original petition was filed, petitioner filed an amended petition adding one count of CSC-I after the victim told petitioner's counsel during a meeting that respondent had also forced the victim to perform fellatio. The trial court adjudicated respondent responsible of both counts, and this appeal followed.

On appeal, respondent argues that there was insufficient evidence to support his adjudications for CSC-I and assault with intent to commit criminal sexual conduct involving penetration.

This Court reviews de novo sufficiency of the evidence claims. *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016). This Court "must view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt." *Id*. "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carll*, 322 Mich App 690, 696; 915 NW2d 387 (2018). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of the witnesses." *People v Head*, 323 Mich App 526, 531; 917 NW2d 752 (2018). "[C]onflicts in the evidence are resolved in favor of the prosecution." *Carll*, 322 Mich at 696. "[T]his Court reviews a trial court's findings of fact for clear error." *People v Maben*, 313 Mich App 545, 549; 884 NW2d 314 (2015).

A person commits CSC-I, MCL 750.520b(1)(a), "if he or she engaged in sexual penetration with the victim and the victim was less than 13 years old." *People v Solloway*, 316 Mich App 174, 181; 891 NW2d 255 (2016). " 'Sexual penetration' means 'sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ' " *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014), quoting MCL 750.520a(r). "In criminal sexual conduct cases, a victim's testimony may be sufficient to support a defendant's conviction and need not be corroborated." *Solloway,* 316 Mich App at 181. See also MCL 750.520h.

The evidence established that the victim was only seven years old when the alleged sexual assault took place. The victim testified that respondent told him that, in order to play the video game Grand Theft Auto (GTA), the victim "had to lick [respondent's] private part[.]" Respondent told the victim to go into the basement of respondent's house, and while the boys were in the basement alone, the victim got onto a bed and had to "suck [respondent's] private part." The victim's testimony established that the victim was referring to respondent's penis because the victim described the "private part" as "the D word," and he further explained that a person uses a private part to "pee." The victim also explained that "suck on his private part" meant that he had to "put his mouth on it." When asked to clarify whether the victim had actually performed fellatio or whether respondent only asked him to, the victim responded that he actually put his mouth on respondent's "private part." The victim specifically stated that he "was sucking [respondent's] private part in the basement." The victim also explained that, while he was performing fellatio, even though he tried to stop, respondent pushed his head down, making him incapable of speaking. The victim confirmed that he had actually placed his mouth on respondent's penis when questioned multiple times, and he recounted not being able to talk or yell because respondent was pushing his head onto respondent's penis. Thus, the victim's testimony established that respondent engaged in CSC-I with a person under the age of 13.

Respondent argues that the victim's testimony was inconsistent and contradicted by the testimony of other witnesses because, according to the testimony of his grandmother and Officer Caldwell, respondent had not initially stated that there had been penetration, but rather, respondent asked the victim to perform fellatio and the victim said "No." However, a victim's testimony, if found credible, is sufficient to establish the elements of a crime. *Solloway,* 316 Mich App at 181. Moreover, it is established that a victim's testimony need not be corroborated in a criminal sexual conduct prosecution. MCL 750.520h. Respondent also asserts that the lack

of physical evidence weighs in favor of respondent and against the victim's credibility. However, the lack of physical evidence is not conclusive as to whether the assault occurred, and the trial court had the authority to rely on the victim's testimony. See *People v Bailey*, 310 Mich App 703, 713-714; 873 NW2d 855 (2015) ("[The] [d]efendant correctly notes that there was no forensic evidence corroborating the victims' testimony; however, it has long been settled that a complainant's testimony regarding a defendant's commission of sexual acts is sufficient evidence to support a conviction for CSC–I[.]"). Here, the trial court relied solely on the victim's testimony, finding the victim's testimony to be credible and noting that the victim recounted the assault with "remarkable detail." Thus, the trial court did not err in relying on the victim's testimony despite contradictory testimony and a lack of physical evidence to corroborate the victim's testimony.

Respondent also argues that the trial court erred when it completely disregarded the credibility of the defense witnesses. The trial court asserted that it believed the victim's testimony, and it was basing its ruling "100 percent" on its belief that the victim was credible. The trial court found the testimony of Officer Elaine Caldwell to be of no assistance, and moreover, the trial court did not believe the testimony of the defense witnesses. "Absent exceptional circumstances, issues of witness credibility are for the trier of fact," *People v Unger*, 278 Mich App 210, 232; 278; 749 NW2d 272 (2008), and "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses," *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). The trial court had the opportunity to observe and listen to the testimony of the witnesses, and based on that opportunity, the trial court found the victim's testimony to be credible, and the testimony of the defense witnesses to not be credible. There are no exceptional circumstances that support the conclusion that the trial court should not have weighed the credibility of the witnesses as it did; therefore, the trial court did not err in disregarding the testimony of the defense witnesses and relying on the victim's testimony.

Respondent also argues that the trial judge engaged in suggestive questioning during the adjudication hearing. Respondent argues that the judge intervened in the midst of petitioner's questioning of the victim and likely influenced the victim testimony regarding the count of CSC-I. The trial judge's questioning was as follows:

> [*Petitioner's counsel*]: What did [respondent] do while you put your mouth on the private part?
>
> [*The Victim*]: He moved his hand.
>
> [*Respondent's Counsel*]: Leading, he didn't say.
>
> *The Court*: I agree, he said he was told to do that to play the game. He didn't say it happened. The objection is sustained.
>
> [*The Victim*]: But it did happen.
>
> *The Court*: At some point he told you to play the game you would have to do that.

-3-

[*The Victim*]:  Yes.

*The Court*:  Is that when it happened?

[*The Victim*]:  Yes.

*The Court*:  It did happen, yes or no?

[*The Victim*]:  Yes.

*The Court*:  And it did happen in the way that you put your mouth on his private part; is that correct?

[*The Victim*]:  Yes.

[W]hen evaluating a judge's questioning of witnesses, a reviewing court must first bear in mind that such interrogation is generally appropriate under MRE 614(b)." *People v Stevens*, 498 Mich 162, 173; 869 NW2d 233 (2015) (footnote omitted).  Our Supreme Court has stated that "the central object of judicial questioning should be to clarify."  *Id*.  "Therefore, it is appropriate for a judge to question witnesses to produce fuller and more exact testimony or elicit additional relevant information."  *Id*.  The trial judge was not engaging in suggestive questioning; rather, he was attempting to clarify the victim's testimony because petitioner has asked a leading question. The victim had already stated that he had to "suck [respondent's] private part."  The trial judge was merely trying to clarify if the victim was testifying that respondent only asked him to perform such an act, or if the victim had actually engaged in the act.

Respondent also asserts that the trial court erred by failing to consider that petitioner's counsel may have engaged in suggestive questioning during the private meeting with the victim, during which the victim admitted for the first time that he performed fellatio on respondent. During the adjudicatory hearing, respondent's counsel elicited testimony from the victim in which the victim stated that he had been directly asked the question "Did he put it in your mouth" by either petitioner or the victim's advocate, Paula Haran.  Respondent argues that the trial court failed to address the strong possibility that suggestive questioning by petitioner's counsel during the meeting may have affected the victim's testimony regarding the penetration.

Contrary to respondent's assertions, the trial court was made aware of the meeting, by virtue of respondent filing a motion to strike any testimony from the victim regarding the penetration because respondent had not been provided with a synopsis of the meeting at which he admitted that penetration occurred.  Petitioner argued that the synopsis was work product, and she was not required to disclose it.  The trial court, agreeing with petitioner's counsel, denied respondent's motion.  Moreover, respondent moved for a directed verdict on the count of CSC-I, asserting that there was insufficient evidence of the crime because the victim's testimony had been impeached due to suggestive questioning and conflicting statements.  The trial court denied the motion.  Hence, the trial court was clearly aware of the meeting and circumstances surrounding the meeting but still found the victim's sworn testimony at the adjudication hearing to be sufficient to support the charge of CSC-I.

-4-

Based on the entirety of the record evidence before us, and viewing that record evidence in the light most favorable to the prosecution, *Carll*, 322 Mich App at 696, we conclude that there was sufficient evidence to support adjudicating respondent responsible for CSC-I.

Respondent also argues that there was insufficient evidence to adjudicate him responsible for assault with intent to commit criminal sexual conduct involving penetration. The elements of assault with intent to commit criminal sexual conduct involving penetration are (1) an assault, and (2) an intent to commit criminal sexual conduct involving sexual penetration. *People v Nickens*, 470 Mich 622, 621; 685 NW2d 657 (2004). "An assault is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *Id*. at 628 (citation and quotation marks omitted). "[A] battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id*.

The evidence established that respondent assaulted the victim. The victim testified that respondent forced him to perform fellatio by pushing his head down and holding it on his penis when the victim tried to move. The victim also testified that respondent climbed on top of him, covered his mouth, and would not let him move as he masturbated and ejaculated over him. In regard to the element of intent, the victim testified that respondent told him to come to the basement and that the victim had to "lick [respondent's] private part to play GTA." Respondent's comment to the victim supports the finding that respondent had the requisite intent to commit sexual penetration. Moreover, the victim testified that he actually put his mouth on respondent's penis, and respondent forced him to continue by pushing his head down on his penis, despite the victim trying to move. Thus, sufficient evidence was presented to support the finding that respondent committed assault with the intent to commit criminal sexual conduct involving penetration.

Respondent also argues that his adjudications for both CSC-I and assault with intent to commit criminal sexual conduct involving penetration were against the great weight of the evidence.

"An appellate court will review a properly preserved great-weight issue by deciding whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Cameron*, 291 Mich App 599, 616-617; 806 NW2d 371 (2011). "Generally, a verdict may only be vacated when the verdict is not reasonably supported by the evidence, but rather it is more likely attributable to factors outside the record, such as passion, prejudice, sympathy, or other extraneous considerations." *Solloway*, 316 Mich App at 183. "Conflicting testimony and questions of witness credibility are generally insufficient grounds for granting a new trial." *Unger*, 278 Mich App at 232. "Absent exceptional circumstances, issues of witness credibility are for the trier of fact." *Id*.

Specifically, respondent argues that, despite the trial court's ability to observe and listen to the witnesses, there were such significant inconsistencies in the victim's testimony that it would be a miscarriage of justice to allow the adjudications to stand. As previously indicated, although there was conflicting testimony, the trial court found the victim to be credible, due to the remarkable detail of his testimony. Moreover, the trial court found the testimony of the other witnesses to be of no use and not credible. "Questions regarding credibility are not sufficient

grounds for relief *unless* the testimony contradicts indisputable facts or laws, the testimony is patently incredible or defies physical realities." *Solloway*, 316 Mich App at 183. The victim's testimony did not contradict indisputable facts or laws or defy physical realities. Moreover, the trial court found the victim's testimony to be the most credible. Thus, the evidence did not preponderate so heavily against the adjudication that it would be a miscarriage of justice to allow the adjudication to stand. *Cameron,* 291 Mich App at 616-617.

Furthermore, in regard to the count of assault with intent to commit criminal sexual conduct involving penetration, the evidence established that respondent held the victim's head down on his penis and made him perform fellatio, despite the victim trying to move. Respondent also pinned the victim down on the couch and covered his mouth, preventing him from moving. Thus, the evidence established that an assault occurred. Moreover, the evidence established that respondent told the victim that he had to perform fellatio on him in order to play a specific game, and respondent did in fact force the victim to perform fellatio. Thus, the evidence established that respondent had the requisite intent to commit sexual penetration. Therefore, the evidence did not preponderate so heavily against the adjudication that it would be a miscarriage of justice to allow the adjudication of assault with intent to commit criminal sexual conduct involving penetration to stand.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Jane M. Beckering