*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
May 21, 2020

v

No. 347302
Emmet Circuit Court
LC No. 18-004808-FH

SHAWN EDWARD HOFFMAN,

Defendant-Appellant.

Before: TUKEL, P.J., and MARKEY and GADOLA, JJ.

PER CURIAM.

Defendant appeals by right his conviction of domestic violence, third offense, MCL 750.81(2) and (5). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 3 to 15 years' imprisonment. We affirm.

Defendant's son was engaged in an argument with defendant's wife when both stumbled and fell to the ground. As defendant's wife was in the process of standing back up, defendant pushed her back down on the ground, jumped on top of her, squeezed her face, which left red marks, and threatened to kill her. Defendant claimed that he was acting in defense of his son. The jury was instructed on defense of others and that the prosecution had to prove beyond a reasonable doubt that defendant did not act in justifiable defense of his son.

On appeal, defendant argues that there was insufficient evidence to show that he committed an assault on his wife that was not done in reasonable and lawful defense of another. Defendant contends that he used a minimal and appropriate amount of force to intercede in what appeared to him to be a physical confrontation between his wife and son. Defendant further maintains that the incident was over in seconds and that his act of physical intervention was not objectively harmful or offensive.

This Court reviews de novo the issue regarding whether there was sufficient evidence to support a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.

-1-

*People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and any reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "All conflicts in the evidence must be resolved in favor of the prosecution." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

The offense of domestic violence is committed when "an individual . . . assaults or assaults and batters his or her spouse." MCL 750.81(2). A "battery is an intentional, unconsented and harmful or offensive touching of the person of another," and an "assault" is either an attempt to commit a battery or an unlawful act that places another person in reasonable apprehension of an immediate battery. *People v Nickens*, 470 Mich 622, 628; 685 NW2d 657 (2004) (quotation marks and citation omitted). MCL 780.972(2) provides:

> An individual who has not or is not engaged in the commission of a crime at the time he or she uses force other than deadly force may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if he or she *honestly and reasonably* believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual. [Emphasis added.]

Once a defendant injects the issue of self-defense or defense of others and satisfies the initial burden of producing some supporting evidence, the prosecution bears the burden of proof to exclude the possibility that the use of force was done in self-defense or defense of others. See *People v Dupree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010). A determination that a defendant acted in justifiable self-defense or defense of others necessarily requires a finding that the defendant acted intentionally, but that the circumstances of the case justified his actions. See *People v Heflin*, 434 Mich 482, 503; 456 NW2d 10 (1990). The touchstone of any claim of self-defense or defense of others is necessity. *Reese*, 491 Mich at 144.

Once again, defendant argues that his use of force was justifiable to protect his son. There was evidence, however, that at the time defendant physically engaged his wife, the conflict between his wife and son had ended and that the son was not in physical peril. Further, there was evidence that defendant sat on top of his wife for three to four minutes and then squeezed her face, which caused red marks along her cheekbones. Defendant also threatened to kill her. Viewing the evidence in a light most favorable to the prosecution, resolving all factual conflicts in the prosecution's favor, and deferring to the jury on credibility assessments, we find there was sufficient evidence for the jury to conclude that the prosecution proved beyond a reasonable doubt that defendant's use of force was neither honest nor reasonable. Stated otherwise, we hold that the prosecution presented sufficient evidence to establish that defendant did not act in defense of his son. We further hold that the evidence sufficiently established that defendant committed an intentional, unconsented, harmful, and offensive touching of his wife, i.e., a battery, as well as

committing an unlawful act that placed his wife in reasonable apprehension of an immediate battery, i.e., an assault.

We affirm.

/s/ Jonathan Tukel
/s/ Jane E. Markey
/s/ Michael F. Gadola