*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 10, 2022

Plaintiff-Appellee,

v

No. 356142
Marquette Circuit Court

MATTHEW LEWIS LORENZ,

LC No. 20-059031-AR

Defendant-Appellant.

Before: RIORDAN, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the circuit court's order affirming his assault-and-battery conviction, MCL 750.81, following a district-court jury trial. Defendant argues that the trial judge was biased against him and that this affected the result of his trial. We affirm.

This case involves an assault in a brewery involving defendant—a 33-year-old man—and the victim—a 55-year-old woman. On the evening of the incident, the victim mistakenly thought defendant was a friend and slapped him in a playful manner. The victim apologized after realizing her mistake, but later that evening defendant forcefully slapped the victim's buttocks. The second slap was recorded by a video camera in the brewery.

During the one-day trial, the prosecutor showed the video multiple times. Defense counsel objected, but the trial judge overruled the objection. Defendant then testified in his own defense. During cross examination, defendant admitted that he slapped the victim. Following the prosecutor's recross examination, the trial judge asked defendant questions that strongly suggested he did not believe defendant's testimony. The trial judge then asked for the video to be played again and specifically had the video stopped and played in slow motion at certain points to ask defendant additional questions. Defense counsel did not object to the trial judge's conduct. Following closing arguments, the trial judge instructed the jurors and, in relevant part, informed

---

[1] *People v Lorenz*, unpublished order of the Court of Appeals, entered June 7, 2021 (Docket No. 346142).

them that his comments and rulings were not evidence; rather, the jurors were "the only judges of the facts" and they should not consider any opinion they thought he had of the case during its deliberation. This instruction mirrored a similar instruction given before trial began.

As stated earlier, the jury found defendant guilty of assault and battery. The trial judge made negative comments about defendant after the jury left the courtroom. Defendant appealed to the circuit court, arguing that the trial judge committed judicial misconduct during trial. The circuit court issued a well-reasoned opinion concluding that the trial judge committed misconduct when questioning defendant, but that the misconduct did not warrant relief because of curative instructions given to the jury and the standard of review. This appeal followed.

Defendant did not object to the trial judge's conduct during trial so we review this unpreserved issue for plain error. See *People v Stevens*, 498 Mich 162, 180; 869 NW2d 233 (2015); *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015).

A defendant has a right to an impartial judge. See *Stevens*, 498 Mich at 170-172; *People v McDonald*, 303 Mich App 424, 437; 844 NW2d 168 (2013). Trial judges are permitted to question witnesses, but when doing so they must be careful to avoid questions that are intimidating, argumentative, or skeptical, or that emphasize contradictory aspects of a witness's testimony. *People v Swilley*, 504 Mich 350, 372-374; 934 NW2d 771 (2019).

The trial judge crossed the line when questioning defendant. The trial judge's questions demonstrated that he did not believe defendant's testimony and were more representative of a cross examination than impartial questioning designed to clarify facts for the jury. But this conduct does not warrant relief because of the cumulative effect of the following: (1) the presence of curative instructions, *Stevens*, 498 Mich at 172; (2) defendant's admission during prior questioning on the stand that he struck the victim, MCL 750.81; *People v Nickens*, 470 Mich 622, 628; 685 NW2d 657 (2004); and (3) the trial judge's conduct did not result in the conviction of an actually innocent person or seriously affect the fairness, integrity, or public reputation of judicial proceedings, see *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

The trial judge asking for the video to be played again also does not warrant relief. The video was short and defendant had already admitted that he struck the victim. Additionally, the trial judge's comments after the jury rendered its verdict and left the courtroom, while not advisable, did not affect the trial and did not undermine the integrity of the judicial system.

We affirm defendant's conviction for the reasons stated in this opinion as well as those in the circuit court's well-reasoned opinion.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle