*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT EDWARD-OWEN GURITZ,

        Defendant-Appellant.

UNPUBLISHED
February 16, 2023

No. 359499
Van Buren Circuit Court
LC No. 2020-022545-FH

Before: SHAPIRO, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b), and assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1). He was sentenced to 120 months to 15 years' imprisonment for the CSC-III conviction and 36 months to 10 years' imprisonment for the assault conviction. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of the sexual assault of the complainant, BC, at a bonfire held at a farm on the evening of July 1, 2017. BC drove her vehicle to the farm with friends. Once there, BC consumed alcohol and became intoxicated. There were occasions when she stumbled and was assisted by friends. Defendant agreed to drive his brother to the bonfire and act as his designated driver, but he did not know the bonfire attendees. Defendant's brother had attended school with BC and her friends.

BC went to her vehicle to charge her phone, and a group of friends were present. After an argument between two friends, everyone else left the car. BC was in her vehicle alone when defendant knocked on the window. BC testified that defendant forced her to engage in oral sex three different times. Defendant also demanded sexual intercourse from BC, but she said no and

offered that she was menstruating to further dissuade[1] him. Despite her disclosure, defendant put his hands up BC's skirt and attempted to pull her out of the driver's seat of her car. Defendant left BC in her car crying. BC telephoned a friend and disclosed that she had been forced to engage in oral sex. BC's friend, CW, found her in her car, crying and hysterical, and offered to drive her home. Initially, BC declined to report the sexual assault because she was embarrassed and did not want to disclose her underage drinking to her parents and the police. Two days after the assault, BC reported it to the police. By that time, BC washed the clothes she had worn to the bonfire, showered, and ate.

Defendant testified that he had never met BC before the bonfire. He noticed that BC and her friend MP were visibly intoxicated. He and his brother helped BC to her feet. Defendant observed BC and her friends walk in the direction of her vehicle but he did not follow them to the car. Later that night, one of BC's friends asked defendant to check on her. Defendant testified that it was time consuming to locate BC because of the number of vehicles at the farm, the darkness, and his unfamiliarity with her vehicle.[2] Defendant found BC in her vehicle and knocked on the window, and she kind of fell out the door. He touched her on the shoulder to push her back into the car. BC was hysterical and crying. She was still intoxicated and smelled of alcohol. During this brief interaction, defendant denied engaging in any sexual activity or inappropriately touching BC. Defendant also presented testimony from the crime lab forensic scientist that male deoxyribonucleic acid (DNA) was not detected on the swab taken from BC.

The jury convicted defendant as charged.

## II. HEARSAY TESTIMONY

Defendant first asserts that his right to a fair trial was violated by the admission of hearsay testimony addressing BC's disclosure to CW that defendant perpetrated the assault. And although defendant recognizes that CW later corrected this testimony, defendant nevertheless asserts this inappropriate admission of evidence improperly bolstered BC's credibility. We disagree.

A trial court's decision to admit evidence will not be reversed absent an abuse of discretion. *People v Propp*, 508 Mich 374, 383; 976 NW2d 1 (2021). An abuse of discretion occurs when evidence is admitted that is inadmissible as a matter of law. *Id*. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Baskerville*, 333 Mich App 276, 287; 963 NW2d 620 (2020).

To preserve an evidentiary issue for appellate review, a party opposing the admission of evidence must object at trial and raise the same ground for objection on appeal. *People v Douglas*, 496 Mich 557, 574; 852 NW2d 587 (2014). A party's failure to object deprives "the court of the opportunity to correct the error at the time it occurs." *People v Vaughn*, 491 Mich 642, 673-674;

---

[1] CW drove BC to the home where she was "dog[-]sitting," while his girlfriend followed in CW's car.

[2] A friend of BC's testified that it took a long time for defendant to check on BC and return to the bonfire.

-2-

821 NW2d 288 (2012). Unlike a forfeiture, which is a failure to assert a known right, a waiver is the intentional relinquishment or abandonment of a known right. *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000). The waiver of a known right extinguishes any error. *Id*. When a defendant's counsel expresses satisfaction with a trial court's decision, counsel's action will be deemed to be a waiver. *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011).

In the present case, when CW was asked if BC disclosed the person who committed the sexual assault upon her, defendant's counsel objected to an answer premised on hearsay. The prosecutor responded that the answer was admissible as an excited utterance under MRE 803(2) because BC was still experiencing the startling event and did not have time to fabricate. When asked if he had a response to the prosecutor's reliance on the excited utterance exception, defense counsel responded, "No, Your Honor." Consequently, defendant waived appellate review of this issue by failing to protest the admission of the evidence as an excited utterance. The trial court then accepted the answer to the question, concluding that the foundation for admission as an excited utterance was established.

Moreover, even if we assumed that the trial court's decision was flawed, it did not result in a miscarriage of justice. See MCL 769.26;[3] *People v McDonald*, 303 Mich App 424, 436; 844 NW2d 168 (2013). During cross-examination, defense counsel questioned CW regarding a statement CW made to the police in 2017,[4] and the failure to mention that BC disclosed the name of her assailant to him. At that time, CW acknowledged that he misunderstood the defense question and corrected his testimony. CW testified that, during the car ride, BC did not expressly mention defendant but stated that she was upset because "somebody" was trying to "get with her."[5] Accordingly, CW's testimony did not bolster BC's credibility because CW acknowledged that BC failed to identify defendant as her assailant when CW drove her to the home where she was dog-sitting. This claim of error does not entitle defendant to appellate relief.

III. SUFFICIENCY OF THE EVIDENCE

Defendant next contends that the evidence presented at trial was insufficient to support his convictions. We disagree.

When reviewing a challenge to the sufficiency of the evidence, this Court reviews the evidence de novo. *People v Kenny*, 332 Mich App 394, 402; 956 NW2d 562 (2020). This Court examines the evidence, whether direct or circumstantial, in a light most favorable to the prosecution to ascertain whether a rational trier of fact could determine that the essential elements

---

[3] MCL 769.26 provides in pertinent part, "No judgment or verdict shall be set aside or reversed or a new trial granted by any court of this state in any criminal case, on the ground of . . . the improper admission or rejection of evidence . . . unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

[4] Although the assault occurred on July 1-2, 2017, the case was not tried until September 2021.

[5] CW acknowledged that he had learned the identity of BC's assailant in light of subsequent contact with her that occurred over time.

of the crime were proven beyond a reasonable doubt. *Id*. The jury, however, must weigh the evidence presented and evaluate the credibility of the witnesses, *People v Montague*, 338 Mich App 29, 45; 979 NW2d 406 (2021), and this Court does not interfere with the jury's role in rendering those determinations, *People v Solloway*, 316 Mich App 174, 181-182; 891 NW2d 255 (2016).

A conviction of CSC-III "requires a showing that the defendant engaged in sexual penetration with another under certain aggravating circumstances, including sexual penetration accomplished by force or coercion." *People v Eisen*, 296 Mich App 326, 332; 820 NW2d 229 (2012) (citation omitted). Specifically, for CSC-III, "[t]he required elements are: (1) defendant engaged in sexual penetration with the victim, and (2) [f]orce or coercion is used to accomplish the sexual penetration." *Id*. (quotation marks and citation omitted; second alteration in original); see also MCL 750.520d(1)(b).

In this case, defendant does not challenge the evidence relating to penetration. Rather, defendant asserts that the prosecution failed to present sufficient evidence of force because BC did not describe force but answered leading questions that force was used. We disagree.

To establish force or coercion for purposes of CSC-III, the circumstances set forth in MCL 750.520b(1)(f)(*i*) to (*v*) are examined, see MCL 750.520d(1)(b). MCL 750.520b(1)(f) provides:

> (f) . . . Force or coercion includes, but is not limited to, any of the following circumstances:
>
> (*i*) When the actor overcomes the victim through the actual application of physical force or physical violence.
>
> (*ii*) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats.
>
> (*iii*) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute this threat. As used in this subdivision, "to retaliate" includes threats of physical punishment, kidnapping, or extortion.
>
> (*iv*) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes that are medically recognized as unethical or unacceptable.
>
> (*v*) When the actor, through concealment or by the element of surprise, is able to overcome the victim.

In this case, BC's testimony provided sufficient evidence for the jury to find that defendant used force. BC testified that she encountered defendant while she was alone in her car that was parked in a field outside of view from those standing at the bonfire. Defendant placed his hand on the back of BC's neck, pushed her head toward his penis, and pressed his penis against her lips.

BC held her lips shut. Even so, defendant managed to push his penis into her mouth. BC pushed back and repeatedly told defendant "no." Although defendant knew BC was intoxicated and was physically limited as a result, she expressly rejected his advances and tried to prevent the CSC-III from occurring. Thus, to achieve the CSC-III, defendant utilized force to accomplish the sexual penetration. Considering BC's testimony in a light most favorable to the prosecution, the jury could reasonably conclude that defendant accomplished the sexual penetration by physical force. See *People v Kline*, 197 Mich App 165, 167; 494 NW2d 756 (1992) (concluding that there was sufficient evidence for a rational jury to find that the defendant compelled the victim by force or coercion to participate in sexual intercourse because the defendant, who was the 16-year-old victim's stepfather, failed to comply with the victim's requests to stop and one assault occurred in the basement where the victim was isolated from help). See also *Eisen*, 296 Mich App at 335 (concluding that force or coercion "exists whenever a defendant's conduct induces a victim to reasonably believe that the victim has no practical choice").

Moreover, there was sufficient evidence to support defendant's conviction of assault with intent to commit criminal sexual conduct (CSC) involving sexual penetration. The elements of this offense are: "(1) an assault, and (2) an intent to commit CSC involving sexual penetration." *People v Nickens*, 470 Mich 622, 627; 685 NW2d 657 (2004). An assault is "either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *Id*. at 628 (quotation marks and citation omitted). A "battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id*. (quotation marks and citation omitted).

In this case, BC testified that defendant placed his hands down her skirt and leggings. She kept shoving defendant's hands away. Defendant eventually stopped and announced that they should engage in sexual intercourse. BC said that she could not because she was menstruating. Defendant was silent for a moment and then said that he did not care. He got out of the car, went to the driver's side door, opened it, grabbed BC's arms and attempted to pull her out of the car. BC leaned over the center console to prevent defendant from physically removing her.

Given BC's testimony, a rational jury could find that defendant committed an assault by grabbing BC's arms and attempting to pull her from the car. *Id*. A rational jury could further infer from defendant's actions and statements that he attempted to pull BC from the driver's seat of the car to engage in sexual intercourse with her even after she pushed his hands away and told him that she could not have sex. See *Kenny*, 332 Mich App at 402. Considering the evidence presented at trial in the light most favorable to the prosecution, there was sufficient evidence for the jury to reasonably find defendant guilty of assault with the intent to commit CSC involving sexual penetration. *Id*.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Anica Letica
/s/ Kathleen A. Feeney